DOUGHERTY COUNTY *vs.* TIFT.

CERTIORARI, FROM DOUGHERTY. Estoppel. Charters. Roads and Bridges. Damages. Constitutional Law. Eminent Domain. County Matters. (Before Judge Bower.)

[Hall, J., being disqualified, did not preside in this case.]

Blandrord, J.—1. Where, in 1852, one who owned land on both sides of a stream was a member of the legislature, and as such took part in obtaining a charter to build a bridge, and subsequently became the exclusive owner of the charter, and where he built a bridge across the stream in 1858, he was not estopped from denying that he built the bridge under the charter of 1852, and asserting that he built it under the act of 1850, confering the right on owners of land on both sides of streams to build bridges and charge tolls. Whether the bridge was built under the one law or other, is a question of fact.

2. If a person owning land on both sides of a stream built a bridge across it for the use of the public, and charged tolls under the act of 1850, such a bridge was a public bridge; but whether it was a public or private bridge, if the county in which it is situated proceeds to take the land of such property owner and to erect another bridge, which causes damage to his property, he is entitled to just compensation; and

to ascertain this cost of erection and the income derived from the bridge, together with all the other facts and circumstances calculated to enhance or diminish the property taken or damaged, may be looked to. Code, §§ 5024, 684—691.

3. The amount of damages found in this case was too small, and the court committed no error in sustaining the certiorari.

Judgment affirmed.

Jackson, C. J., concurred in the judgment, but not in the reasoning of Blandford, J., as to the question of estoppel.

J. W. Waters; C. B. Wooten, for plaintiff in error.

D. H. Pope; G. J. Wright; L. Arnheim, for defendant.